JEFFREY D. WOHL (Cal. State Bar No. 096838)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone:   (415) 856-7000
Facsimile:    (415) 856-7100
jeffwohl@paulhastings.com

LINDSEY C. JACKSON (Cal. State Bar No. 313396)
PAUL HASTINGS LLP
515 S. Flower Street, 25th Floor
Los Angeles, California 90071
Telephone:   (213) 683-6000
Facsimile:    (213) 627-0705
lindseyjackson@paulhastings.com

Attorneys for Defendant
Target Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINNAMON MILLS, individually, on a representative basis, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION; a Minnesota corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 5:20-cv-01460 JGB (KKx)<br><br>**TARGET CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Complaint filed:  June 10, 2020<br>SAC filed:         March 11, 2021<br>Trial date:         December 14, 2021<br><br>**JURY TRIAL DEMANDED** |

Defendant Target Corporation ("Target"), for itself alone and no other defendant, hereby answers the Second Amended Complaint (the "SAC") of plaintiff Cinnamon Mills as follows:

## FIRST DEFENSE

The SAC and each of its causes of action fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

1. Target admits that plaintiff previously was employed by Target as a non-exempt employee and that she purports to bring this action as a class action. Except as so admitted, Target denies paragraph 1 of the SAC.

2. Target denies paragraph 2 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

3. Target admits that plaintiff was employed by Target as a non-exempt employee from on or about May 18, 2006, to on or about June 25, 2008, and then again from on or about August 16, 2016, to on or about May 1, 2020. Except as so admitted, Target denies paragraph 3 of the SAC.

4. Target denies paragraph 4 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

5. Target admits that under its policy, certain non-exempt employees accrued vacation hours paid at their base hourly rate. Except as so admitted, Target denies paragraph 5 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

6. Target admits that plaintiff was, during certain periods of her employment, paid additional hourly shift differential pay. Except as so admitted, Target denies paragraph 6 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

7. Target denies paragraph 7 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

8.   Target denies paragraph 8 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

9.   Target admits that plaintiff seek declaratory, injunctive, and monetary relief. Except as so admitted, Target denies paragraph 9 of the SAC and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

10.   Target admits that this Court has jurisdiction over this action. Except as so admitted, Target denies paragraph 10 of the SAC.

11.   Target admits that it is a corporation organized under the laws of the State of Minnesota; that it is authorized to and does conduct business within the State of California; that it transacts business within Riverside County; and that venue of this action is founded. Except as so admitted, Target denies paragraph 11 of the SAC.

12.   Target admits plaintiff was employed a non-exempt employee by Target from on or about May 18, 2006, to on or about June 25, 2008, and then again from on or about August 16, 2016, to on or about May 1, 2020; and that plaintiff worked for Target in Riverside County from on or about August 16, 2016, to on or about May 1, 2020. Except as so admitted, Target denies paragraph 12 of the SAC.

13.   Target admits that it is a corporation organized under the laws of the State of Minnesota; that it is authorized to and does conduct business within the State of California; that it transacts business within Riverside County; and that it employed plaintiff and the members of her proposed class. Except as so admitted, Target denies paragraph 13 of the SAC.

14.   Target lacks sufficient information to form a belief as to the allegations in paragraph 14 of the SAC about the existence of Doe defendants and on that basis denies them. Target denies the rest of the allegations of paragraph 14, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

15.   Target lacks sufficient information to form a belief as to the allegations in paragraph 15 of the SAC about the existence of additional defendants and on that basis

denies them. Target denies the rest of the allegations of paragraph 15 and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

16. In response to paragraph 16 of the SAC, Target incorporates by reference and re-alleges its responses to paragraphs 1-15 of the SAC.

17. Target admits that plaintiff purports to bring this action as a class action. Except as so admitted, Target denies paragraph 17 of the SAC.

18. Target denies paragraph 18 of the SAC.

19. Target admits that plaintiff proposes to represent a class as described in paragraph 19 of the SAC. Except as so admitted, Target denies the paragraph.

20. Target admits that plaintiff asserts that she reserves the right to amend the SAC. Except as so admitted, Target denies paragraph 20 of the SAC.

21. Target admits that plaintiff purports to bring this action as a class action and purports that she is a member of the proposed class. Except as so admitted, Target denies paragraph 21 of the SAC.

22. Target admits that it has personnel and payroll records for its California non-exempt employees. Except as so admitted, Target denies paragraph 22 of the SAC.

23. Target denies paragraph 23 of the SAC.

24. Target denies paragraph 24 of the SAC including all subparagraphs.

25. Target denies paragraph 25 of the SAC.

26. Target denies paragraph 26 of the SAC.

27. Target denies paragraph 27 of the SAC.

28. In response to paragraph 28 of the SAC, Target incorporates by reference and re-alleges its responses to paragraphs 1-27 of the SAC.

29. Target admits plaintiff previously was employed by Target and that plaintiff purports to bring this action as a class action. Except as so admitted, Target denies paragraph 29 of the SAC.

30. To the extent paragraph 30 of the SAC purports to state the law, a response

TARGET'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 107637404.1

is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph.

31. Target admits that under its policy, certain non-exempt employees accrued vacation hours paid at their base hourly rate. Target denies the remaining allegations of paragraph 31 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

32. Target admits that plaintiff was, during certain periods of her employment, paid additional hourly shift differential pay, and that, pursuant to Target's policy, her vacation hours were paid at her base hourly rate. Except as so admitted, Target denies paragraph 32 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

33. Target denies paragraph 33 of the SAC.

34. Target denies paragraph 34 of the SAC.

35. Target denies paragraph 35 of the SAC.

36. Target admits that plaintiff seeks vacation pay, penalties, interests, attorneys' fees, and costs. Except as so admitted, Target denies paragraph 36 of the SAC, and denies specifically that Target violated any provision of California Labor Code section 227.3.

37. In response to paragraph 37 of the SAC, Target incorporates by reference and re-alleges its responses to paragraphs 1-36 of the SAC.

38. Target admits plaintiff previously was employed by Target and that plaintiff purports to bring this action as a class action. Except as so admitted, Target denies paragraph 38 of the SAC.

39. To the extent paragraph 39 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph.

40. To the extent paragraph 40 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target

denies the paragraph.

41. To the extent paragraph 41 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph.

42. Target denies paragraph 42 of the SAC.

43. Target denies paragraph 43 of the SAC.

44. In response to paragraph 44 of the SAC, Target incorporates by reference and re-alleges its responses to paragraphs 1-43 of the SAC.

45. To the extent paragraph 45 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph. Otherwise, Target denies the paragraph.

46. To the extent paragraph 46 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph. Target admits that as a general matter, it is subject to California Business and Professions Code section 17200 *et seq.* (the "UCL"), without admitting that it engaged in any act or omission that violated that law. Target lacks sufficient information to form a belief as to the allegations in of the SAC about the existence and conduct of additional defendants and on that basis denies them.

47. Target denies paragraph 47 of the SAC.

48. Target denies paragraph 48 of the SAC.

49. Target denies paragraph 49 of the SAC.

50. Target denies paragraph 50 of the SAC.

51. Target denies paragraph 51 of the SAC.

52. Target denies paragraph 52 of the SAC.

53. Target denies paragraph 53 of the SAC.

54. Target admits that plaintiff seeks a monetary recovery. Except as so admitted, Target denies paragraph 54 of the SAC.

55. To the extent paragraph 55 of the SAC purports to state the law, a response

is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph. To the extent that allegations in paragraph 55 of the SAC are legal conclusions, no response is required. Otherwise, Target denies the paragraph.

56. To the extent paragraph 56 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph. To the extent that allegations in paragraph 56 of the SAC are legal conclusions, no response is required. Otherwise, Target denies the paragraph.

57. In response to paragraph 57 of the SAC, Target incorporates by reference and re-alleges its responses to paragraphs 1-56 of the SAC.

58. Target admits plaintiff previously was employed by Target. Except as so admitted, Target denies paragraph 58 of the SAC.

59. Target admits plaintiff seeks to recover civil penalties and other relief under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq*. To the extent paragraph 59 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph. Otherwise, Target denies the paragraph.

60. Target lacks sufficient information to form a belief about the truth of paragraph 60 of the SAC, and on that basis denies it.

61. In response to paragraph 61 of the SAC, Target incorporates by reference and re-alleges its responses to paragraphs 1-60 of the SAC.

62. Target admits plaintiff previously was employed by Target. Except as so admitted, Target denies paragraph 62 of the SAC.

63. To the extent paragraph 63 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph.

64. Target admits that under its policy, certain non-exempt employees accrued vacation hours paid at their base hourly rate. Except as so admitted, Target denies paragraph 64 of the SAC, and denies specifically that plaintiff and her proposed class

1  were injured or damaged as plaintiff alleges or otherwise.

2     65. Target admits that plaintiff was, during certain periods of her employment, paid additional hourly shift differential pay.  Except as so admitted, Target denies paragraph 65 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

   66. Target denies paragraph 66 of the SAC, and denies specifically that plaintiff and her proposed class were injured or damaged as plaintiff alleges or otherwise.

   67. Target admits plaintiff seeks to recover civil penalties and other relief under PAGA.  To the extent paragraph 67 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph.  Otherwise, Target denies the paragraph.

   68. In response to paragraph 68 of the SAC, Target incorporates by reference and re-alleges its responses to paragraphs 1-67 of the SAC.

   69. To the extent paragraph 69 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph.

   70. To the extent paragraph 70 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph.

   71. To the extent paragraph 71 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph.

   72. Target denies paragraph 72 of the SAC.

   73. Target admits plaintiff seeks civil penalties and other relief under PAGA.  To the extent paragraph 73 of the SAC purports to state the law, a response is not required, but to the extent it implies that Target did not comply with the law, Target denies the paragraph. Otherwise, Target denies the paragraph.

///

**THIRD DEFENSE**

The SAC, and each of its causes of action, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 337, 338, 339, 340, and 343.

**FOURTH DEFENSE**

The SAC, and each of its causes of action, is barred in whole or in part by the doctrine of accord and satisfaction.

**FIFTH DEFENSE**

Plaintiff is estopped from pursuing the claims in the SAC, and each of its purported causes of action, by reason of plaintiff's own actions and course of conduct.

**SIXTH DEFENSE**

Plaintiff waives the right, if any, to pursue the SAC by reason of plaintiff's own actions and conduct, including, but not limited, to her failure to complain about the legal violations alleged in the SAC.

**SEVENTH DEFENSE**

The SAC, and each of its causes of action, is barred by the doctrine of laches.

**EIGHTH DEFENSE**

The SAC, and each of its causes of action, is barred by the doctrine of unclean hands.

**NINTH DEFENSE**

The SAC, and each of its causes of action, is barred by the doctrines of *res judicata* and collateral estoppel.

**TENTH DEFENSE**

The SAC, and each of its causes of action, is barred by the doctrine of avoidable consequences.

**ELEVENTH DEFENSE**

The SAC, and each of its causes of action, is barred because any recovery from Target would result in unjust enrichment to plaintiff.

-8-

TARGET'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 107637404.1

## TWELFTH DEFENSE

The SAC, and each of its causes of action, is barred in whole or in part because recovery from Target, if any, would be *de minimis*.

## THIRTEENTH DEFENSE

The SAC, and each of its causes of action, is barred in whole or in part because Target had an honest, good-faith belief that all decisions with respect to plaintiff's employment were made by Target solely for legitimate, business-related reasons and were reasonably based upon the facts as Target understood them.

## FOURTEENTH DEFENSE

The SAC, and each of its causes of action, fails because plaintiff's fundamental breaches of her duties to Target as employees, including the duty of loyalty, were so severe as to render her causes of action void under the Faithless Servant Doctrine and related legal principles.

## FIFTEENTH DEFENSE

The SAC, and each of its causes of action, is barred in whole or in part because plaintiff breached or did not satisfy her statutory obligations to Target, including but not limited to those imposed by California Labor Code sections 2854, 2856–2859, 2922, and 2924.

## SIXTEENTH DEFENSE

The SAC, and each of its causes of action, is barred by the doctrine of after-acquired evidence.

## SEVENTEENTH DEFENSE

Plaintiff's causes of action based on Target's alleged failure to compensate plaintiff for accrued and unused vacation upon separation are barred because plaintiff was compensated for accrued and unused vacation in accordance with the law.

## EIGHTEENTH DEFENSE

To the extent that plaintiff's causes of action based on Target's alleged failure to provide accrued and unused vacation pay rely on allegations that Target did not include

shift differential pay in the hourly rate provided, the causes of action are barred because California law does not require an employer to include shift differential pay in the hourly rate used to compensate employees for accrued and unused vacation where, as here, the employer's policy is to pay vacation hours at the base hourly rate only.

### NINETEENTH DEFENSE

Plaintiff's Second Cause of Action for waiting-time penalties is barred because Target had a reasonable, good-faith belief that no additional vacation pay was owed at the time of termination.

### TWENTIETH DEFENSE

Plaintiff's Third Cause of Action under the UCL is barred because plaintiff cannot show an injury to competition, as distinguished from injury to themselves, the existence of which Target expressly denies.

### TWENTY-FIRST DEFENSE

Plaintiff's Third Cause of Action under the UCL is barred because plaintiff cannot show a deception upon the public.

### TWENTY-SECOND DEFENSE

Plaintiff's Third Cause of Action under the UCL is barred because as a private litigant, plaintiff lacks standing to bring a cause of action for relief under the law on behalf of herself or similarly situated individuals.

### TWENTY-THIRD DEFENSE

Plaintiff's Third Cause of Action under the UCL is barred because the UCL, as stated and sought to be applied by plaintiff, violates Target's rights under the Constitution of the United States of America and the Constitution of the State of California in that, among other things, it is void for vagueness, violates equal protection and due process, poses an undue burden upon interstate commerce, and infringes the freedom of contract.

### TWENTY-FOURTH DEFENSE

Plaintiff's Third Cause of Action under the UCL is barred because the UCL, as stated and sought to be applied by plaintiff, violates Target's rights to due process under

the Constitution of the United States of America and the Constitution of the State of California to the extent that the cause of action does not afford Target the protections against multiple suits and duplicative liability ordinarily provided by class actions.

### TWENTY-FIFTH DEFENSE

Plaintiff's Third Cause of Action under the UCL is barred because at all times relevant to the action plaintiff had an adequate remedy under law. In particular, on that ground plaintiff may not extend the alleged liability period to four years, one year in excess of the three-year limitations period applicable to claims for unpaid wages and waiting-time penalties. *See Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020).

### TWENTY-SIXTH DEFENSE

Plaintiff has failed to satisfy the prerequisites for class certification, and therefore, lacks standing and cannot represent the interests of others.

### TWENTY-SEVENTH DEFENSE

The claims alleged by plaintiff are neither common to nor typical of those, if any, of the members of the putative class.

### TWENTY-EIGHTH DEFENSE

The claims alleged by plaintiff are matters in which individual questions predominate and are not appropriate for class treatment.

### TWENTY-NINTH DEFENSE

The members of the putative class are not so numerous that joinder is impracticable.

### THIRTIETH DEFENSE

Plaintiff is an inadequate representative of the putative class.

### THIRTY-FIRST DEFENSE

Plaintiff is not similarly situated to other allegedly aggrieved employees.

### THIRTY-SECOND DEFENSE

Plaintiff has not shown and cannot show that class treatment of the claims alleged

in the SAC is superior to other methods of adjudicating the controversy.

### THIRTY-THIRD DEFENSE

Because liability or damages, if any, to each member of the putative class may not be determined by a single jury or on a class-wide basis, allowing this action to proceed as a class action would violate Target's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

### THIRTY-FOURTH DEFENSE

If plaintiff sustained any loss, injury, damage, or detriment as alleged in the SAC, the loss, injury, damage, or detriment was caused or contributed to by plaintiff's own failure to exercise due care, and therefore plaintiff's recovery of damages, if any, must be reduced in proportion to the percentage of plaintiff's own fault.

### THIRTY-FIFTH DEFENSE

Plaintiff's claim for equitable relief is barred because plaintiff has an adequate and complete remedy at law.

### THIRTY-SIXTH DEFENSE

In the event that a class should be certified in this matter, Target incorporates by reference and re-alleges all of its defenses in response to plaintiff's claims on behalf of the class and each class member.

### THIRTY-SEVENTH DEFENSE

Plaintiff's Fourth and Fifth Causes of Action for civil penalties and other relief under PAGA are barred because the recovery of civil penalties under PAGA is unconstitutional under the separation of powers doctrine under the Constitution of the State of California, including but not limited to the separation of powers of the executive branch of government and the separation of powers of the judicial branch of government.

### THIRTY-EIGHTH DEFENSE

Plaintiff's Fourth and Fifth Causes of Action for civil penalties and other relief under PAGA are barred because plaintiff is not an "aggrieved employee" within the meaning of PAGA.

## THIRTY-NINTH DEFENSE

Plaintiff's Fourth and Fifth Causes of Action for civil penalties and other relief under PAGA are barred because plaintiff has failed to satisfy and cannot satisfy the requirements of California Labor Code section 2699.3.

## FORTIETH DEFENSE

Plaintiff's Fourth and Fifth Causes of Action for civil penalties and other relief under PAGA are barred because plaintiff did not timely exhaust her administrative remedies as required or otherwise failed to comply with all the statutory prerequisites to bringing suit pursuant to PAGA.

## FORTY-FIRST DEFENSE

Plaintiff's Fourth and Fifth Causes of Action for civil penalties and other relief under PAGA are barred because plaintiff essentially alleges that the California Labor and Workforce Development Agency (the "LWDA"), or one or more of its department, divisions, commissions, boards, agencies, or employees, failed to act with respect to the matters alleged by plaintiff.

## FORTY-SECOND DEFENSE

Plaintiff's Fourth and Fifth Causes of Action for civil penalties and other relief under PAGA are barred because, as a private attorney general under PAGA, plaintiff is estopped from asserting that vacation wages at termination must be paid at a rate higher than the final base rate, based on the actions of the California Department of Labor Standards Enforcement and the LWDA.

## FORTY-THIRD DEFENSE

Plaintiff's Fourth and Fifth Causes of Action for civil penalties and other relief under PAGA are barred to the extent that they seek an award of penalties beyond the one-year limitation period set by California Code of Civil Procedure section 340(a).

## FORTY-FOURTH DEFENSE

Any award of penalties that otherwise could be made under PAGA must not be made, or must be made in a lesser amount, pursuant to California Labor Code section

2699(e)(2).

## RELIEF REQUESTED

Target asks the Court to enter judgment in favor of Target and against plaintiff, to award to plaintiff nothing on the SAC and instead to dismiss the SAC with prejudice, and to award to Target its costs of suit, including reasonable attorneys' fees, and such further or other relief as the Court may deem proper.

Dated:  April 12, 2021

JEFFREY D. WOHL
LINDSEY C. JACKSON
PAUL HASTINGS LLP

By:  */s/ Jeffrey D. Wohl*
Jeffrey D. Wohl
Attorneys for Defendant Target Corporation

## JURY DEMAND

Defendant Target Corporation hereby demands trial by jury on all issues triable to a jury.

Dated:  April 12, 2021

JEFFREY D. WOHL
LINDSEY C. JACKSON
PAUL HASTINGS LLP

By:  */s/ Jeffrey D. Wohl*
Jeffrey D. Wohl
Attorneys for Defendant Target Corporation