1  JEFFREY D. WOHL (Cal. State Bar No. 096838)
   PAUL HASTINGS LLP
2  101 California Street, 48th Floor
3  San Francisco, California 94111
   Telephone:  (415) 856-7000
4  Facsimile:  (415) 856-7100
   jeffwohl@paulhastings.com
5
6  LINDSEY C. JACKSON (Cal. State Bar No. 313396)
   PAUL HASTINGS LLP
7  515 S. Flower Street, 25th Floor
   Los Angeles, California 90071
8  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
9  lindseyjackson@paulhastings.com

10 Attorneys for Defendant
11 Target Corporation

12
13                 UNITED STATES DISTRICT COURT
14                 CENTRAL DISTRICT OF CALIFORNIA
15

16 | CINNAMON MILLS, individually, on a | No. 5:20-cv-01460 JGB (KKx) |
17 | representative basis, and on behalf of all others similarly situated; | |
18 | | **DEFENDANT TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
   | Plaintiff, | |
19 | | |
   | vs. | |
20 | | |
21 | TARGET CORPORATION; a Minnesota corporation; and DOES 1 through 20, inclusive, | |
22 | | |
   | Defendants. | |
23 | | Date: June 28, 2021 |
   | | Time: 9:00 a.m. |
24 | | Courtroom: 1 (3470 Twelfth St., Riverside) |
25 | | Judge: Hon. Jesus G. Bernal |
26 | | Action filed: June 10, 2020 (state court) |
27 | | Action removed: July 22, 2020 |
   | | Trial date: December 14, 2021 |
28

LEGAL_US_W # 108397832.1

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF
MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

Defendant Target Corporation ("Target") files this response to Plaintiff's Statement of Genuine Disputes of Material Facts and Statement of Undisputed Facts in Support of Opposition to Target's Motion for Summary Judgment as follows:

| Target's SUF No. | Fact | Supporting Evidence | Plaintiff's Response | Target's Response |
|---|---|---|---|---|
| 1. | Plaintiff Cinnamon Mills was employed by Target as an hourly non-exempt employee at Target's Redlands store from 2006 to 2008. | Mills Depo. at 56:3-19, 62:6-20; Brewer Decl., ¶ 3. | Undisputed. | **Remains undisputed.** |
| 2. | Plaintiff later was rehired and worked at Target's Riverside store, where she worked from 2016 until May 1, 2020, when she was terminated because of her poor performance and poor guest service. | Mills Depo. at 116:14-21, 142:18-20; Brewer Decl., ¶ 3. | Disputed in part and, as such, this purported "material fact" is compound in violation of Standing Order ¶ 12(a)(ii) ["**Facts shall not be compound.** If, for example, the required response is disputed in part, the fact is compound.] Although it is undisputed that Plaintiff was hired and worked the dates listed, Plaintiff disputes Target's alleged | **Remains undisputed.** Plaintiff does not dispute the dates for which she worked at Target. Plaintiff also does not proffer any evidence disputing that the reasons given for her termination were her poor performance and poor guest service. In her deposition, she admitted those were the reasons she was given for her termination. Mills Depo. at 116:14-21, 142:18- |

LEGAL_US_W # 108397832.1

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

| Target's SUF No. | Fact | Supporting Evidence | Plaintiff's Response | Target's Response |
|---|---|---|---|---|
|  | **Target's Response to Plaintiff's Statement of Genuine Disputes of Material Facts** | | | |
| | | | reason for termination (which is not material to this motion regardless). | 20, 221:2-222:6 (Supp. Wohl Decl., Exh. A.) In any event, as plaintiff acknowledges, the reasons for her termination are immaterial to Target's motion for summary judgment and may be disregarded. |
| 3. | When plaintiff left Target on May 1, 2020, she was paid for her 18.63 hours of vested vacation at her then-current hourly base rate of $13.00 per hour. | Mills Depo. at 142:7-17, 143:14-16, 144:12-15, 146:15-19, Exh. 17; Brewer Decl., ¶ 5, Exh. B. | Undisputed. | **Remains undisputed.** |
| 4. | Target's consistent policy and practice has been to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. | Brewer Decl., ¶ 10. | Disputed in part and, as such, this purported "material fact" is compound in violation of Standing Order ¶ 12(a)(ii). ["**Facts shall not be compound.** If, for example, the required response is disputed in part, | **Remains undisputed.** Plaintiff's cited evidence does not dispute this fact. As explained in Target's opening brief (ECF 49-1 at 11-12), a policy need not be in writing. Plaintiff's opposition (ECF 55) did not contest |

-2-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's Response to Plaintiff's Statement of Genuine Disputes of Material Facts ||||| 
|---|---|---|---|---|
| Target's SUF No. | Fact | Supporting Evidence | Plaintiff's Response | Target's Response |
| | | | the fact is compound.]<br><br>Undisputed that this this is Target's consistent "practice"; disputed that this is Target's "policy" since the company has admitted that (1) there are no written policies regarding the rate at which it pays vested vacation [Brewer Depo. 49:19;22 and 50:10-22]; (2) the company's written vacation policy is silent as to whether shift differentials are included in vacation [Brewer Depo. 67:17-21 and Ex. B to Carlson Decl. (Target Vacation Policy) at Dkt. 48-2]; and (3) there are no other policies or documents that | this argument or the authority Target cites in its opening brief.<br><br>The fact is not compound; it describes Target's unitary and consistent policy and practice to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. |

-3-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's SUF No. | Fact | Supporting Evidence | Plaintiff's Response | Target's Response |
|---|---|---|---|---|
| | | | describe the rate at which Target pays vested vacation to employees [Brewer Dep. 48_21-24, 56:19-22, 57:6-9]. | |
| 5. | When plaintiff took vacation while a Target employee, she was paid at her then-current hourly base rate. | Mills Depo. at 138:10-23, 140:10-23, Exh. 16; Brewer Decl., ¶ 4, Exh. A. | Undisputed. | **Remains undisputed.** |
| 6. | Target pays shift differentials in addition to the hourly base rate for work performed at special times, such as certain overnight shifts or during the COVID-19 pandemic. | Brewer Decl., ¶¶ 6, 7, Exh. C. | Undisputed. | **Remains undisputed.** |
| 7. | Shift differentials are paid only for the work performed and never have been part of the rate of pay for vacation, whether when taken or when cashed out upon termination. | Brewer Decl., ¶ 8. | Undisputed. | **Remains undisputed.** |

-4-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's SUF No. | Fact | Supporting Evidence | Plaintiff's Response | Target's Response |
|---|---|---|---|---|
|  | **Target's Response to Plaintiff's Statement of Genuine Disputes of Material Facts** | | | |
| 8. | At the time of her termination in May 2020, plaintiff was being paid a temporary $2.00 shift differential on top of her $13.00 hourly base rate on account of the COVID-19 pandemic. | Mills Depo. at 143:17-144:11, 144:20-145:4; Brewer Decl. ¶ 7, Exh. C. | Undisputed. | **Remains undisputed.** |
| 9. | Target maintains payroll systems that are designed to ensure that all non-exempt team members are paid for all wages, including vacation hours, earned in accordance with state and federal law. | Brewer Decl., ¶ 9. | Disputed. Target never considered whether it was required to include shift differentials in vacation pay before this lawsuit was filed [Brewer Depo. 65:10-15, 67:22-25, and 68:1], which conflicts with the assertion that Target's systems ensure payment of all vacation owed. | **Remains undisputed.** Plaintiff's cited evidence does not dispute this fact. The rest of plaintiff's response is argument and irrelevant. An employer is free to set the rate at which vacation will be paid. *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774, 783 (1982); ("[a] careful reading of the statute [...] indicates that the passage only means that the *amount* of vacation pay an employee is |

-5-   TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's Response to Plaintiff's Statement of Genuine Disputes of Material Facts ||||| 
|---|---|---|---|---|
| **Target's SUF No.** | **Fact** | **Supporting Evidence** | **Plaintiff's Response** | **Target's Response** |
| | | | | entitled to be paid as wages is to be determined with reference to the employer's policy." (emphasis in original); employees dissatisfied with employer's policy or terms of their contract are free to bring those concerns "to the employer or the bargaining table."); *Owen v. Macy's Inc.*, 175 Cal. App. 4th 462, 468 (2009) ("Labor Code section 227.3 does not require that an employer provide its employees with any paid vacation at all"); *Perez v. Performance Food Grp.*, No. LA CV17-00357 JAK (SKx), 2017 U.S. Dist. LEXIS 232642, at *34 (C.D. Cal. Dec. 15, 2017) (same); DLSE Jan. 28, |

| Target's Response to Plaintiff's Statement of Genuine Disputes of Material Facts ||||||
|---|---|---|---|---|
| **Target's SUF No.** | **Fact** | **Supporting Evidence** | **Plaintiff's Response** | **Target's Response** |
| | | | | 2003, Opinion Letter (ECF 16 at 8-9) ("Labor Code § 227.3 deals primarily with the protection of the vested vacation earned by the employee in the event of termination. The law directs the Labor Commissioner to enforce the "contract of employment or employer policy" with respect to vacation pay, but does not require that an employer have a vacation policy or, if the employer does have such a policy, does not dictate the terms of the policy respecting the amount paid. Most vacation policies are based on the wage paid to the worker on a regular basis. *However, under California* |

-7-
TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's SUF No. | Fact | Supporting Evidence | Plaintiff's Response | Target's Response |
|---|---|---|---|---|
| | | | | *law, an employer may choose to have a vacation policy which promises to pay a sum while the employee is on vacation which bears no relationship to the wage normally paid to the worker.*" (emphasis supplied). Target's consistent policy and practice has been to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. Brewer Decl., ¶ 10. Target was under no obligation to consider whether to include shift differentials in setting the rate of vacation pay. |

-8-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| | **Target's Response to Plaintiff's Statement of Genuine Disputes of Material Facts** | | | |
|---|---|---|---|---|
| **Target's SUF No.** | **Fact** | **Supporting Evidence** | **Plaintiff's Response** | **Target's Response** |
| 10. | Target consistent policy and practice is not to pay vacation, whether when taken or upon termination, at a rate that includes shift differentials. | Brewer Decl., ¶ 10, Exh. D. | Disputed in part and, as such, this purported "material fact" is compound in violation of Standing Order ¶ 12(a)(ii). ["**Facts shall not be compound.** If, for example, the required response is disputed in part, the fact is compound.]<br><br>Undisputed that this this is Target's consistent "practice"; disputed that this is Target's "policy" since the company has admitted that (1) there are no written policies regarding the rate at which it pays vested vacation [Brewer Depo. 49:19;22 and 50:10-22]; (2) the company's written vacation policy is silent as to | **Remains undisputed.**<br><br>As explained in Target's opening brief (ECF 49-1 at 11-12), a policy need not be in writing. Plaintiff's opposition (ECF 55) did not contest this argument or the authority Target cites in its opening brief.<br><br>The fact is not compound; it describes Target's unitary and consistent policy and practice to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. |

-9-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's SUF No. | Fact | Supporting Evidence | Plaintiff's Response | Target's Response |
|---|---|---|---|---|
| | | | whether shift differentials are included in vacation [Brewer Depo. 67:17-21 and Ex. B to Carlson Decl. (Target Vacation Policy) at Dkt. 48-2]; and (3) there are no other policies or documents that describe the rate at which Target pays vested vacation to employees [Brewer Dep. 48_21-24, 56:19-22, 57:6-9]. | |
| 11. | Plaintiff was never told that her vacation at Target—whether when taken or cashed out on her termination—would be paid at anything other than her then-current hourly base rate. | Mills Depo. at 131:16-22. | Undisputed. | **Remains undisputed.** |

Target's Response to Plaintiff's Statement of Genuine Disputes of Material Facts

-10-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| | **Target's Response to Plaintiff's Statement of Undisputed Facts in Support of Opposition to Target's Motion for Summary Judgment** | | |
|---|---|---|---|
| **Pltf's SUF No.** | **Fact** | **Supporting Evidence** | **Target's Response** |
| 1. | Target has no written policy regarding the rate at which it pays vested vacation. | Brewer Depo. 49:19-22 and 50:10-22 | **Irrelevant.** Target's consistent policy and practice has been to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. Brewer Decl., ¶ 10. As explained in Target's opening brief (ECF 49-1 at 11-12), a policy need not be in writing. Plaintiff's opposition (ECF 55) did not contest this argument or the authority Target cites in its opening brief. |
| 2. | Target's written vacation policy is silent as to whether shift differentials are included in the calculations for vested vacation pay. | Brewer Depo. 67:17-21 and Ex. B to Carlson Decl. (Target Vacation Policy) at Dkt. 48-2 | **Irrelevant.** Target's consistent policy and practice has been to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. Brewer Decl., ¶ 10. As explained in Target's opening brief (ECF 49-1 at 11-12), a policy need not be in writing. Plaintiff's opposition (ECF 55) did not contest this argument or the authority Target cites in its opening brief. |
| 3. | There are no policies or documents that describe the | Brewer Depo. | **Unsupported by the evidence.** The evidence before the Court shows |

-11- TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's Response to Plaintiff's Statement of Undisputed Facts in Support of Opposition to Target's Motion for Summary Judgment ||||
|---|---|---|---|
| Pltf's SUF No. | Fact | Supporting Evidence | Target's Response |
| | rate at which Target pays vested vacation to employees. | 48:21-24, 56:19-22, 57:6-9 | the rate at which Target pays vested vacation to employees. For example, plaintiff's wage statements (Brewer Decl., ¶¶ 4, 5, Exhs. A, B) reflect that vacation, whether when taken or when cashed out upon termination, is paid at the employee's hourly base rate. *See also* Brewer Depo. at 55:11-23 (Target communicates the rate at which team members will be paid for vacation through their wage statements).<br><br>Moreover, it is undisputed that Target's consistent policy and practice has been to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. Brewer Decl., ¶ 10. As explained in Target's opening brief (ECF 49-1 at 11-12), a policy need not be in writing. Plaintiff's opposition (ECF 55) did not contest this argument or the authority Target cites in its opening brief. |
| 4. | Target does not tell its California employees the rate at which they will be paid for vacation. | Brewer Depo. 55:11-23 | **Unsupported by the evidence.**<br>The evidence before the Court shows the rate at which Target pays vested vacation to employees. For example, plaintiff's wage statements (Brewer Decl., ¶¶ 4, 5, Exhs. A, B) reflect that |

-12-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's Response to Plaintiff's Statement of Undisputed Facts in Support of Opposition to Target's Motion for Summary Judgment | | | |
|---|---|---|---|
| Pltf's SUF No. | Fact | Supporting Evidence | Target's Response |
| | | | vacation, whether when taken or when cashed out upon termination, is paid at the employee's hourly base rate.  Moreover, plaintiff misstates Mr. Brewer's testimony.  Mr. Brewer testified that "There's nothing that I know of to communicate what the rate would be *other than what appears on their wage statement*." Brewer Depo. 55:11-23 (emphasis supplied). |
| 5. | Target has never provided employees with any documents that "outlines their vacation pay rate." | Brewer Depo. 56:17-18 | **Unsupported by the evidence.** The evidence before the Court shows that Target has provided documents to employees that show their vacation pay rate.  For example, plaintiff's wage statements (Brewer Decl., ¶¶ 4, 5, Exhs. A, B) reflect that vacation, whether when taken or when cashed out upon termination, is paid at the employee's hourly base rate. *See also* Brewer Depo. at 55:11-23 (Target communicates the rate at which team members will be paid for vacation through their wage statements). |
| 6. | Target never considered whether to include shift differentials in vacation pay prior to June 10, 2020. | Brewer Depo. 65:10-15, 67:22-25, and 68:1 | **Irrelevant.** An employer is free to set the rate at which vacation will be paid. *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774, 783 (1982);  ("[a] careful reading of the statute [...] indicates |

-13-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

<2>
Case 5:20-cv-01460-JGB-KK Document 58 Filed 06/14/21 Page 15 of 20 Page ID #:726
</2>

| Pltf's SUF No. | Fact | Supporting Evidence | Target's Response |
|---|---|---|---|
| | | | that the passage only means that the *amount* an employee is entitled to be paid as wages is to be determined with reference to the employer's policy." (emphasis in original); employees dissatisfied with employer's policy or terms of their contract are free to bring those concerns "to the employer or the bargaining table."); *Owen v. Macy's Inc.*, 175 Cal. App. 4th 462, 468 (2009) ("Labor Code section 227.3 does not require that an employer provide its employees with any paid vacation at all"); *Perez v. Performance Food Grp.*, No. LA CV17-00357 JAK (SKx), 2017 U.S. Dist. LEXIS 232642, at *34 (C.D. Cal. Dec. 15, 2017) (same); DLSE Jan. 28, 2003, Opinion Letter (ECF 16 at 8-9) ("Labor Code § 227.3 deals primarily with the protection of the vested vacation earned by the employee in the event of termination. The law directs the Labor Commissioner to enforce the "contract of employment or employer policy" with respect to vacation pay, but does not require that an employer have a vacation policy or, if the employer does have such a policy, does not dictate the terms of the policy respecting the amount paid. Most vacation policies are based on the wage paid to the worker on a |

-14-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| | **Target's Response to Plaintiff's Statement of Undisputed Facts in Support of Opposition to Target's Motion for Summary Judgment** | | |
|---|---|---|---|
| **Pltf's SUF No.** | **Fact** | **Supporting Evidence** | **Target's Response** |
| | | | regular basis. *However, under California law, an employer may choose to have a vacation policy which promises to pay a sum while the employee is on vacation which bears no relationship to the wage normally paid to the worker.*" (emphasis supplied). Target's consistent policy and practice has been to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. Brewer Decl., ¶ 10. Target was under no obligation to consider whether to include shift differentials in setting the rate of vacation pay. |
| 7. | Target does not have any internal memoranda or other internal documents evidencing deliberations concerning whether to include shift differentials in vacation pay. | Brewer Depo. 68:18-21. | **Irrelevant.** An employer is free to set the rate at which vacation will be paid. *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774, 783 (1982); ("[a] careful reading of the statute [...] indicates that the passage only means that the *amount* of vacation pay an employee is entitled to be paid as wages is to be determined with reference to the employer's policy." (emphasis in original); employees dissatisfied with employer's policy or terms of their contract are free to bring those concerns "to the employer or the |

-15-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Target's Response to Plaintiff's Statement of Undisputed Facts in Support of Opposition to Target's Motion for Summary Judgment ||||
|---|---|---|---|
| **Pltf's SUF No.** | **Fact** | **Supporting Evidence** | **Target's Response** |
| | | | bargaining table."); *Owen v. Macy's Inc.*, 175 Cal. App. 4th 462, 468 (2009) ("Labor Code section 227.3 does not require that an employer provide its employees with any paid vacation at all"); *Perez v. Performance Food Grp.*, No. LA CV17-00357 JAK (SKx), 2017 U.S. Dist. LEXIS 232642, at *34 (C.D. Cal. Dec. 15, 2017) (same); DLSE Jan. 28, 2003, Opinion Letter (ECF 16 at 8-9) ("Labor Code § 227.3 deals primarily with the protection of the vested vacation earned by the employee in the event of termination. The law directs the Labor Commissioner to enforce the "contract of employment or employer policy" with respect to vacation pay, but does not require that an employer have a vacation policy or, if the employer does have such a policy, does not dictate the terms of the policy respecting the amount paid. Most vacation policies are based on the wage paid to the worker on a regular basis. *However, under California law, an employer may choose to have a vacation policy which promises to pay a sum while the employee is on vacation which bears no relationship to the wage normally paid to the worker*." (emphasis supplied). Target's consistent policy and practice has |

-16-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Pltf's SUF No. | Fact | Supporting Evidence | Target's Response |
|---|---|---|---|
| | | | been to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. Brewer Decl., ¶ 10. Target was under no obligation to consider whether to include shift differentials in setting the rate of vacation pay. |
| 8. | Target did not rely on any DLSE Opinion Letters when deciding its unwritten "vacation policy." | Brewer Depo. 74:17-21 | **Irrelevant.** An employer is free to set the rate at which vacation will be paid. *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774, 783 (1982); ("[a] careful reading of the statute [...] indicates that the passage only means that the *amount* of vacation pay an employee is entitled to be paid as wages is to be determined with reference to the employer's policy." (emphasis in original); employees dissatisfied with employer's policy or terms of their contract are free to bring those concerns "to the employer or the bargaining table."); *Owen v. Macy's Inc.*, 175 Cal. App. 4th 462, 468 (2009) ("Labor Code section 227.3 does not require that an employer provide its employees with any paid vacation at all"); *Perez v. Performance Food Grp.*, No. LA CV17-00357 JAK (SKx), 2017 U.S. Dist. LEXIS 232642, at *34 (C.D. |

-17-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Pltf's SUF No. | Fact | Supporting Evidence | Target's Response |
|---|---|---|---|
| | | | Cal. Dec. 15, 2017) (same); DLSE Jan. 28, 2003, Opinion Letter (ECF 16 at 8-9) ("Labor Code § 227.3 deals primarily with the protection of the vested vacation earned by the employee in the event of termination. The law directs the Labor Commissioner to enforce the "contract of employment or employer policy" with respect to vacation pay, but does not require that an employer have a vacation policy or, if the employer does have such a policy, does not dictate the terms of the policy respecting the amount paid. Most vacation policies are based on the wage paid to the worker on a regular basis. *However, under California law, an employer may choose to have a vacation policy which promises to pay a sum while the employee is on vacation which bears no relationship to the wage normally paid to the worker.*" (emphasis supplied). Target's consistent policy and practice has been to pay its non-exempt California employees vacation at their then-current base hourly rate, whether at the time the vacation is taken or when vested vacation is cashed out upon termination. Brewer Decl., ¶ 10. As explained in its opening and reply papers, the DLSE opinion letters *support* Target's |

-18-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1

| Pltf's SUF No. | Fact | Supporting Evidence | Target's Response |
|---|---|---|---|
| | | | approach in setting the rate at which it pays vacation, but, in any event, Target was under no obligation to review DLSE opinion letters in setting the rate at which it pays vacation. |

**Target's Response to Plaintiff's Statement of Undisputed Facts in Support of Opposition to Target's Motion for Summary Judgment**

Dated: June 14, 2021.

JEFFREY D. WOHL
LINDSEY C. JACKSON
PAUL HASTINGS LLP

By: ___/s/ Jeffrey D. Wohl___
Jeffrey D. Wohl
Attorneys for Defendant
Target Corporation

-19-

TARGET'S RESP. TO PLTFF'S STMT. OF DISPUTES OF MATERIAL FACTS AND UNDISPUTED FACTS
U.S.D.C., C.D. Cal., No. 5:20-cv-01460 JGB (KKx)

LEGAL_US_W # 108397832.1