1  Brian J. Mankin, Esq. [CSB No. 216228]
   brian@lmlfirm.com
2  Peter J. Carlson, Esq. [CSB No. 295611]
   peter@lmlfirm.com
3  LAUBY, MANKIN & LAUBY LLP
4  4590 Allstate Drive
   Riverside, CA  92501
5  Tel:   (951) 320-1444
6  Fax:   (951) 320-1445

7  Attorneys for Plaintiff, on a representative basis and on behalf of all others similarly situated
8
9  [*Additional counsel for Plaintiff listed on the next page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CINNAMON MILLS, individually, on a representative basis, and on behalf of all others similarly situated; | Case No.:  5:20-cv-01460-JGB-KK<br>*[Assigned to Hon Judge Jesus G. Bernal]* |
|---|---|
| Plaintiff,<br>vs.<br>TARGET CORPORATION, a Minnesota Corporation; and DOES 1 through 20, inclusive;<br>Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF ORDERS FOR INTERLOCUTORY APPEAL**<br><br>Hearing<br>Date:     September 13, 2021<br>Time:    9:00 a.m.<br>Place:   Courtroom 1 |

Deepak Gupta (*Pro Hac Vice*)
GUPTA WESSLER PLLC
1900 L Street NW, Suite 312
Washington, DC 20036
(202) 888-1741
deepak@guptawessler.com

Neil K. Sawhney (SBN 300130)
GUPTA WESSLER PLLC
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 573-0336
neil@guptawessler.com

Attorneys for Plaintiff, on a representative basis and on behalf of all others similarly situated

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................1

    I.    This Court's order on summary judgment does not warrant certification under 28 U.S.C. § 1292(b). ................................................1

        A.    Target's request for certification is untimely.............................2

        B.    There is no substantial ground for difference of opinion over how to interpret Labor Code § 227.3's requirement that vested vacation be paid out at an employee's "final rate." ....................4

        C.    The legal issues presented in this Court's order are not well-suited for interlocutory review....................................................6

    II.    In the event that the Court certifies the order for interlocutory appeal, Mills does not oppose Target's request for a stay................................7

CONCLUSION ......................................................................................................9

# TABLE OF AUTHORITIES

**Federal Cases**

*California ex rel. Christensen v. FTC*,
   549 F.2d 1321 (9th Cir. 1977) ................................................................................8

*Centerline Hous. P'ship I, L.P. v. Palm Communities*,
   2021 WL 2493251 (C.D. Cal. May 26, 2021) .......................................................8

*Coopers & Lybrand v. Livesay*,
   437 U.S. 463 (1978) ...............................................................................................2

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) ........................................................................ 4, 5, 7

*Cummins v. EG & G Sealol, Inc.*,
   697 F. Supp. 64 (D.R.I. 1988) ............................................................................6, 7

*Drumm v. Morningstar, Inc.*,
   695 F. Supp. 2d 1014 (N.D. Cal. 2010) .................................................................5

*Falco v. Nissan N. Am. Inc.*,
   108 F. Supp. 3d 889 (C.D. Cal. 2015) ...................................................................5

*Ferraro v. Sec'y of U.S. Dep't of Health & Hum. Servs.*,
   780 F. Supp. 978 (E.D.N.Y. 1992) ........................................................................3

*Firestone Tire & Rubber Co. v. Risjord*,
   449 U.S. 368 (1981) ............................................................................................2, 4

*Gagan v. Sharer*,
   2006 WL 3736057 (D. Ariz. Nov. 6, 2006) ...........................................................3

*Goodell v. Columbia Cty. Pub. Transportation*,
   2021 WL 1519509 (E.D. Wash. Apr. 16, 2021) ....................................................6

*Green v. Occidental Petroleum Corp.*,
   541 F.2d 1335 (9th Cir. 1976) ...............................................................................2

*Gulino v. Bd. of Educ.*,
   234 F. Supp. 2d 324 (S.D.N.Y. 2002) ...................................................................3

*Hubbard v. Phil's BBQ of Point Loma, Inc.*,
   2010 WL 3069703 (S.D. Cal. Aug. 4, 2010) .........................................................6

*Hulmes v. Honda Motor Co.*,
   936 F. Supp. 195 (D.N.J. 1996) .............................................................................6

*Martens v. Smith Barney, Inc.*,
  238 F. Supp. 2d 596 (S.D.N.Y. 2002) .................................................................. 3

*Ornelas v. Target Corp.*,
  2020 WL 4915774 (C.D. Cal. June 21, 2020) ..................................................... 6

*Reed v. Rhodes*,
  549 F.2d 1050 (6th Cir. 1976) ............................................................................ 7

*S.E.C. v. Credit Bancorp, Ltd.*,
  103 F. Supp. 2d 223 (S.D.N.Y. 2000) ................................................................. 2

*Sampson v. Murray*,
  415 U.S. 61 (1974) .............................................................................................. 8

*Spears v. Washington Mut. Bank FA*,
  2010 WL 54755 (N.D. Cal. Jan. 8, 2010) ............................................................ 3

*U.S. Rubber Co. v. Wright*,
  359 F.2d 784 (9th Cir. 1966) .............................................................................. 5

*Union Cty., Iowa v. Piper Jaffray & Co.*,
  525 F.3d 643 (8th Cir. 2008) .............................................................................. 5

*United States v. Alexander*,
  106 F.3d 874 (9th Cir. 1997) .............................................................................. 7

*United States v. Woodbury*,
  263 F.2d 784 (9th Cir. 1959) .............................................................................. 2

*Weir v. Propst*,
  915 F.2d 283 (7th Cir. 1990) ........................................................................ 3, 4

**Statutes**

28 U.S.C. § 1292(b) ................................................................................... passim

California Labor Code section 227.3 ........................................................ passim

Federal Rule of Appellate Procedure 5(a) ............................................................ 3

**Other Authorities**

Wright & Miller, 16 Fed. Prac. & Proc. Juris. (3d ed. 2021) ........................... 2, 7

# INTRODUCTION

Over a year ago, Target filed a motion to dismiss this case. In that motion, it argued that California Labor Code section 227.3 allows employers to pay departing employees' vested vacation at the employees' base hourly rate, even though the statute mandates that vacation be paid at their "final rate." This Court denied that motion, concluding that Mills' interpretation of the statute was correct—that section 227.3 means what its plain text says.

Target could have sought interlocutory review of this legal question then. But it didn't. Instead, the company continued to litigate this case until summary judgment, where it pressed the exact same arguments in support of its statutory interpretation. Unsurprisingly, this Court again rejected those arguments, holding that its previous decision was law of the case.

Having failed twice, Target now asks this Court to certify its summary-judgment order for interlocutory appeal under 28 U.S.C. § 1292(b). It is too late. Target's attempt to seek interlocutory review of a supposedly "dispositive" legal issue nearly a year after it was decided is untimely. The company's certification request should be denied on that basis alone. Yet it is not alone: Target also fails to show that the pure question of state law presented here is so "exceptional" so as to warrant interlocutory review. Indeed, there is no substantial ground for difference of opinion over the meaning of section 227.3's plain text. Target's motion should be denied.

# ARGUMENT

**I.  This Court's order on summary judgment does not warrant certification under 28 U.S.C. § 1292(b).**

The default rule in federal court is that appeals are ordinarily available only after the district court has entered final judgment. 28 U.S.C. § 1291. As the Supreme Court has explained, this foundational rule "serves a number of important purposes," including "emphasiz[ing] the deference that appellate courts owe to the

trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial," "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals," and "promoting efficient judicial administration." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).

Section 1292(b) provides a "carefully confined" exception to the general rule against interlocutory appeals. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474–75 (1978). This exception, the Ninth Circuit has made clear, should "be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Specifically, a district court may certify an interlocutory order for appeal if "it is of the opinion" that (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party pursuing the interlocutory appeal has the burden of demonstrating that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers*, 437 U.S. at 475. And, given that "the trial judge [i]s the person most familiar with the litigation," section 1292(b)'s "initial determination" is "confided to the discretion of the district judge." Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3929 (3d ed. 2021); *see, e.g.*, *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1338 (9th Cir. 1976); *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000).

A.   **Target's request for certification is untimely.**

As we explain below, Target cannot satisfy section 1292(b)'s stringent standards. But this Court can deny Target's motion without even considering the company's arguments about the section 1292(b) factors. That is because Target actually seeks to certify the question that this Court first decided in its order

1  denying the company's motion to dismiss—an order issued nearly a year ago.
2  Because Target's motion for certification is untimely, it fails at the starting gates.
3        Neither section 1292(b) nor Federal Rule of Appellate Procedure 5(a)
4  provides a time limit for seeking certification of interlocutory appeal. Nevertheless,
5  "reasonable simultaneity of the certification with the order certified is required."
6  *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990). Accordingly, "many courts have
7  held that an unreasonable and unexplained delay in seeking certification is
8  sufficient cause for denying the request." *Gagan v. Sharer*, 2006 WL 3736057,
9  at*1 (D. Ariz. Nov. 6, 2006) (citing cases). Indeed, courts routinely deny
10 certification motions as untimely when parties wait just a few months before
11 seeking certification. *See, e.g., Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596,
12 600–01 (S.D.N.Y. 2002); *Ferraro v. Sec'y of U.S. Dep't of Health & Hum. Servs.*,
13 780 F. Supp. 978, 979 (E.D.N.Y. 1992); *Spears v. Washington Mut. Bank FA*, 2010
14 WL 54755, at *2 (N.D. Cal. Jan. 8, 2010); *cf. Gulino v. Bd. of Educ.*, 234 F. Supp.
15 2d 324, 325 (S.D.N.Y. 2002) (noting that a district judge has "unfettered discretion
16 to deny certification of an order for interlocutory appeal even when a party has
17 demonstrated that the criteria of 28 U.S.C. § 1292(b) are met").
18       The Court should do the same here. Target purports to be requesting
19 certification of this Court's summary-judgment order. But, in that order, this Court
20 simply determined that its decision on the company's motion to dismiss was law of
21 the case. *See* Dkt. 69 at 5–6. And it was in that decision—and only that decision—
22 that this Court rejected Target's interpretation of Labor Code section 227.3 and
23 held that the statute required employers to pay vested vacation at the employee's
24 "final rate" of pay, including shift differentials. Dkt. 20 at 4–7. So, if Target
25 wanted to seek interlocutory review of this supposedly "controlling" legal
26 question, it should have sought certification of that order back in August 2020.
27 Instead, it chose to move forward with the case and to relitigate—almost
28 *verbatim*—its statutory-interpretation arguments at the summary-judgment phase.

Target must bear the consequences of that choice. The company cannot plausibly argue that "immediate appeal" is warranted now because it "will materially advance the ultimate termination of the litigation" rather than dragging the case out further "with significant attendant effort and expense." Dkt. 70-1 at 1, 5. If Target were concerned with advancing the ultimate termination of the litigation, it could have moved for interlocutory review nearly a year ago. Indeed, "[n]othing happened between the denial of [Target's] motion to dismiss . . . and the filing of their motion for [summary judgment] and certification to justify their having failed to appeal the denial." *See Weir*, 915 F.2d at 286. Because granting the company's request to certify now would undermine, not promote, "efficient judicial administration," it should be rejected. *Firestone Tire*, 449 U.S. at 374.

### B. There is no substantial ground for difference of opinion over how to interpret Labor Code § 227.3's requirement that vested vacation be paid out at an employee's "final rate."

As "the party pursuing the interlocutory appeal," Target "bears the burden" of demonstrating that all three of section 1292(b)'s requirements are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). It has failed to do so here—most notably with respect to the requirement that there "is substantial ground for difference of opinion" on the central statutory-interpretation question. 28 U.S.C. § 1292(b).

Target first points to the absence of appellate authority addressing the meaning of section 227.3's "final rate" language. Dkt. 70-1 at 2. But the Ninth Circuit's precedent is clear: "[J]ust because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633. Indeed, in *Couch* itself, the Ninth Circuit held that "the fact that no California court ha[d] addressed the precise questions at issue" did not "satisfy the requirement of a substantial ground for disagreement." *Id.* at 634; *see also Union Cty., Iowa v. Piper*

*Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008) (noting that "a dearth of cases" on a state-law question does not constitute "substantial ground for difference of opinion").

Next, Target asserts that "abundant other authority" supports its atextual interpretation of Labor Code section 227.3. Dkt. 70-1 at 3–4. That is just wrong. The only case law that Target identifies is *Drumm v. Morningstar, Inc.,* 695 F. Supp. 2d 1014 (N.D. Cal. 2010). But this Court "reject[ed]" Target's reliance on that case, because it "provide[d] little guidance." Dkt. 20 at 6–7. And for good reason: As we have explained, the proper interpretation of section 227.3's "final rate" language was not at issue in *Drumm*. See Dkt. 55 at 12. Indeed, *Drumm* did not purport to analyze the statute's text at all. Target cannot manufacture "substantial ground for difference of opinion" based on one out-of-context sentence from an outlier decision.

Apart from *Drumm*, Target relies once again on the DLSE opinion letters. Dkt. 70-1 at 3–4. Of course, this Court has already recognized that these non-binding letters are unpersuasive. Dkt. 20 at 7; *see also* Dkt. 55 at 12–13. Even more importantly, however, the Ninth Circuit has explicitly held that "the presence of a single, non-binding, advisory opinion by a [California agency] is not a 'substantial' ground for disagreement as to the controlling law" for purposes of section 1292(b). *Couch*, 611 F.3d at 634. So the DLSE letters are also of no help to Target's certification request.

As this Court has explained, "[d]istrict courts must often resolve novel questions." *Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889, 893 (C.D. Cal. 2015). Yet "[i]nterlocutory appeal should not function 'merely to provide review of difficult rulings in hard cases.'" *Id*. (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). What matters for purposes of section 1292(b), therefore, is "to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. And here, as we have previously detailed, Labor Code section 227.3's "final

rate" language is crystal clear: It requires employers to pay vested vacation at their employees' "final rate" of pay. *See* Dkt. 55 at 7–11; *cf. Ornelas v. Target Corp.*, 2020 WL 4915774, at *7 (C.D. Cal. June 21, 2020) (holding that its resolution of a state-law "issue of first impression" did not justify 1292(b) certification because the court "looked to the plain and ordinary meaning of [the law] and applied established California precedent for statutory interpretation").

In sum, as this Court has already concluded, section 227.3's plain text required Target to pay out Mills' vested vacation at her "final rate." Nothing Target identifies casts any doubt on that conclusion. The company's certification motion should therefore be denied.

### C. The legal issues presented in this Court's order are not well-suited for interlocutory review.

This Court should decline to certify its summary-judgment order for interlocutory appeal for two additional reasons.

*First*, the fact that the statutory-interpretation issue here is a question of pure state law counsels against interlocutory review. A number of courts have held that "it is improper to certify a question of state law to the United States Court of Appeals for interlocutory review." *Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64, 70 (D.R.I. 1988); *see, e.g., Goodell v. Columbia Cty. Pub. Transp.*, 2021 WL 1519509, at *5 (E.D. Wash. Apr. 16, 2021) (explaining that orders "involv[ing] a question of pure state law" are "inappropriate for interlocutory appeal"); *Hubbard v. Phil's BBQ of Point Loma, Inc.*, 2010 WL 3069703, at *1 (S.D. Cal. Aug. 4, 2010) (declining to certify "questions of California state law" for interlocutory appeal where "[t]he California Supreme Court ha[d] not ruled on the precise issues" presented); *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 211 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998) (refusing to certify state-law interpretation question because the Third Circuit "would be forced to predict whether this court's prediction of the New Jersey Supreme Court's probable ruling,

if faced with the facts of this case, was correct"). For good reason: "Federal rulings on state-law issues generally don't affect the state's law." *Couch*, 611 F.3d at 634. And the "danger" of delay and "wasted time and money" is "greatly exacerbated" in interlocutory appeals of state-law questions given the possibility that the federal court of appeals will have to turn around and certify the questions to a state court. *Cummins*, 697 F. Supp. at 70. As one court put it, "[s]ection 1292(b) must not be used to transmogrify a legitimate cause of action into a legal pinball bouncing from court to court in the federal and state judicial systems." *Id*.

*Second*, as noted, this Court's summary-judgment order applied the law of the case. Dkt. 69 at 5–6. The Court's application of that highly discretionary doctrine does not warrant interlocutory review. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (noting that "[t]he doctrine is not a limitation on a tribunal's power, but rather a guide to discretion"). "Appellate courts frequently note the inappropriateness of interlocutory review of most discretionary orders," out of a "recognition" that "appellate courts generally should not interfere" with matters entirely within the district court's discretion. Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2021). For this reason, too, the Court should decline to certify its summary-judgment order for interlocutory appeal under section 1292(b).

II.   **In the event that the Court certifies the order for interlocutory appeal, Mills does not oppose Target's request for a stay.**

There is no automatic stay pending a section 1292(b) appeal. *See* 28 U.S.C. § 1292(b) (providing that an "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order"); *see also Reed v. Rhodes*, 549 F.2d 1050, 1052 (6th Cir. 1976) ("Congress, in enacting 28 U.S.C. § 1292(b), . . . could have required but did not require the granting of permission for an interlocutory appeal to be accompanied always by a stay of the lower court proceedings."). The decision

whether to stay proceedings is thus firmly committed to this Court's discretion.

For the reasons already explained, Mills disagrees that Target has made a showing that its atextual interpretation of Labor Code section 227.3 is likely to prevail on appeal. *See* pp. 4–6, *supra*. Nor does the possibility that Target may have to expend time and resources on litigation while the appeal is pending qualify as irreparable injury. *See, e.g., Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough."); *California ex rel. Christensen v. FTC*, 549 F.2d 1321, 1323 (9th Cir. 1977) (litigation expenses do not constitute irreparable injury); *Centerline Hous. P'ship I, L.P. v. Palm Communities*, 2021 WL 2493251, at *2 (C.D. Cal. May 26, 2021) (noting that "the costs and expenses of litigation do not generally rise to the hardship required to support a stay").

Nevertheless, if this Court were to decide to certify its summary-judgment order for interlocutory appeal under section 1292(b), Mills would not oppose Target's request for a stay. But she respectfully requests that, in the event that the Court certifies the order for interlocutory appeal, the Court make clear by order that: (1) the parties' pending discovery and pretrial deadlines will be held in abeyance until the Ninth Circuit denies Target's petition for permission to appeal or the interlocutory appeal is completed; and (2) the deadlines will be reset after that time by joint stipulation or at a status conference before this Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

The Court should deny Target's motion to certify the orders for interlocutory appeal.

Dated: August 23, 2021              LAUBY, MANKIN & LAUBY LLP

                                    BY:   /s/ Peter J. Carlson
                                          Brian J. Mankin, Esq.
                                          Peter J. Carlson, Esq.
                                          LAUBY, MANKIN & LAUBY LLP
                                          4590 Allstate Drive
                                          Riverside, CA  92501
                                          T: (951) 320-1444
                                          F: (951) 320-1445

                                          Deepak Gupta (*Pro Hac Vice*)
                                          GUPTA WESSLER PLLC
                                          1900 L Street NW, Suite 312
                                          Washington, DC 20036
                                          T: (202) 888-1741
                                          deepak@guptawessler.com

                                          Neil K. Sawhney
                                          GUPTA WESSLER PLLC
                                          100 Pine Street, Suite 1250
                                          San Francisco, CA 94111
                                          T: (415) 573-0336
                                          neil@guptawessler.com

                                          Attorneys for Plaintiff