| | |
|---|---|
| 1 | JEFFREY D. WOHL (Cal. State Bar No. 096838) |
| 2 | PAUL HASTINGS LLP |
|   | 101 California Street, 48th Floor |
| 3 | San Francisco, California 94111 |
|   | Telephone:  (415) 856-7000 |
| 4 | Facsimile:  (415) 856-7100 |
| 5 | jeffwohl@paulhastings.com |
| 6 | LINDSEY C. JACKSON (Cal. State Bar No. 313396) |
|   | PAUL HASTINGS LLP |
| 7 | 515 South Flower Street, 25th Floor |
|   | Los Angeles, California 90071-2228 |
| 8 | Telephone:  (213 683-6000 |
|   | Facsimile:  (213) 627-0705 |
| 9 | lindseyjackson@paulhastings.com |
| 10 | Attorneys for Defendant |
| 11 | Target Corporation |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CINNAMON MILLS, individually, on a representative basis, and on behalf of all others similarly situated; | | No. 5:20-CV-01460-JGB-KK |
| Plaintiff, | | **NOTICE OF SUPPLEMENTAL AUTHORITY RE: DEFENDANT TARGET CORPORATION'S MOTION FOR CERTIFICATION OF ORDERS FOR INTERLOCUTORY APPEAL AND STAY OF TRIAL COURT PROCEEDINGS PENDING APPEAL** |
| vs. | | |
| TARGET CORPORATION, a Minnesota Corporation; and DOES 1 through 20, inclusive; | | |
| Defendants. | | Date: October 18, 2021 |
| | | Time: 9:00 a.m. |
| | | Courtroom: 1 (3470 Twelfth St., Riverside) |
| | | Judge: Hon. Jesus G. Bernal |
| | | State action filed: June 10, 2020 |
| | | Action removed: July 22, 2020 |
| | | Trial date: March 15, 2022 |

NTC OF SUPP. AUTHORITY RE: TARGET'S
MTN. FOR CERT. FOR INTERLOCUTORY
APPEAL AND STAY
U.S.D.C., C.D. Cal., No. 5:20-CV-01460-JGB-KK

LEGAL_US_W # 109488468.1

Defendant Target Corporation ("Target") submits this supplemental authority on the Court's consideration of Target's pending Motion for Certification of Orders for Interlocutory Appeal and Stay of Trial Court Proceedings Pending Appeal (ECF 70):

> Order (1) GRANTING-IN-PART and DENYING-IN-PART Defendants' Motion for Leave to Appeal (Dkt. No. 174); (2) VACATING the September 20, 2021 Hearing (IN CHAMBERS) in *Aisha Bowen, et al. v. Target Corporation, et al.*, U.S.D.C., C.D. Cal., No. 2:16-cv-02587-JGB-MRW (09/17/21, ECF 178), attached to this notice as Exhibit A.

The order in *Bowen* is pertinent to Target's motion for certification for interlocutory appeal in this action for two reasons:

1. **The same reasoning for granting certification of interlocutory appeal in *Bowen* applies here.** The Court in *Bowen* granted certification for interlocutory appeal of an order in that action, holding that under *Alvarado v. Dart Container Corporation*, 4 Cal. 5th 542 (2018), the regular rate of pay (the "RROP") must be calculated using in the denominator of the RROP calculation only non-overtime hours worked in a work week, rather than all hours worked. The Court granted certification because "there is no controlling appellate authority that directly addresses whether the *Alvarado* RROP formula applies to shift differentials and holiday premiums as opposed to the flat-sum bonuses at issue in that case"; "other courts within this District have found that the *Alvarado* RROP formula does not apply to forms of pay that increase with hours worked"; "[t]his is a legally difficult issue"; "at least one post-*Alvarado* state appellate decision supports Target's position. *See General Atomics v. Superior Ct.*, 64 Cal. App. 5th 987, 998 (2021)."; the order "involves a controlling question of law about which there is substantial ground for difference of opinion"; and an appeal of the order will "advance the ultimate termination of the litigation." (Bowen, ECF at 4.) The Court's reasoning equally applies here.

2. **This action presents the same RROP issue as in *Bowen*.** In denying Target's motion for summary judgment in this action and its prior motion to dismiss, the Court held that vested vacation must be paid upon termination at the RROP. *See* Order

LEGAL_US_W # 109488468.1

NTC OF SUPP. AUTHORITY RE: TARGET'S
MTN. FOR CERT. FOR INTERLOCUTORY
APPEAL AND STAY
U.S.D.C., C.D. Cal., No. 5:20-CV-01460-JGB-KK

(1) DENYING Defendant's Motion to Dismiss (Dkt. No. 12); and (2) VACATING the August 31, 2020 Hearing (IN CHAMBERS) (08/28/20, *Mills* ECF 20); Order (1) GRANTING-IN-PART and DENYING-IN-PART Defendant's Motion for Summary Judgment (Dkt. No. 49); (2) GRANTING Plaintiff's Motion for Class Certification (Dkt. No. 48); and (3) VACATING the August 2, 2021 hearing (in Chambers) (07/29/21, *Mills* ECF 69 at 5-6). Should the Court find Target liable on plaintiff's claims in this action, the Court will have to determine the RROP applicable to the vested vacation paid to class members. Thus, this action presents the same issue presented in *Bowen*—what is the legally correct means of calculating the RROP—and the action should be stayed not only to allow the Court's orders in this action to be appealed, but also to permit the RROP issue to be decided on appeal in *Bowen*.

Dated: September 20, 2021.

JEFFREY D. WOHL
LINDSEY C. JACKSON
PAUL HASTINGS LLP

By:   */s/ Jeffrey D. Wohl*
Jeffrey D. Wohl
Attorney for Defendant
Target Corporation

-2-

NTC OF SUPP. AUTHORITY RE: TARGET'S MTN.
FOR CERT. FOR INTERLOCUTORY APPEAL
AND STAY
U.S.D.C., C.D. CAL., NO. 5:20-CV-01460-JGB-KK

LEGAL_US_W # 109488468.1

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-2587 JGB (MRWx)** | Date | September 16, 2021 |
|---|---|---|---|
| Title | *Aisha Bowen, et al. v. Target Corporation, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING-IN-PART and DENYING-IN-PART Defendants' Motion for Leave to Appeal (Dkt. No. 174); (2) VACATING the September 20, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion for Leave to File an Interlocutory Appeal filed by Defendants. ("Motion," Dkt. No. 174.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court GRANTS IN PART and DENIES IN PART the Motion. The September 20, 2021 hearing is VACATED.

### I. BACKGROUND

The background to this case is detailed in the Court's prior Orders. (See Dkt. Nos. 113, 167.) Briefly, Plaintiffs allege classwide claims against Defendant Target Corporation ("Target").

On December 3, 2019, Plaintiffs filed a Second Amended Complaint which alleged nine causes of action: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized wage statements; (7) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (8) unfair and unlawful business practices; and (9) penalties under the California Labor Code Private Attorneys General Act ("PAGA"), as a representative action. ("SAC," Dkt. No. 50.)

On January 24, 2020, the Court dismissed claims Two, Eight, and Nine to the extent each claim relied on an on-premises rest period theory of liability pursuant to a Motion to Dismiss filed by Target. ("January Order," Dkt. No. 59.) Plaintiffs filed motions for reconsideration and to certify interlocutory appeal, which the Court denied on March 27, 2020. (Dkt. No. 72.)

On January 5, 2021, the Court granted Target partial summary judgment on Plaintiffs' Sixth and Ninth causes of action. (Dkt. No. 113.) On March 5, 2021, the Court denied Target's motion for leave to file a second motion for partial summary judgment. (Dkt. No. 125.)

On June 24, 2021, the Court granted-in-part and denied-in-part Plaintiffs' Motion for Class Certification, which proposed two distinct classes. (Dkt. No. 167.) Plaintiffs' class certification motion was granted as to the proposed Regular Rate Class, defined as all current and former non-exempt employees of Defendant Target Corporation in the State of California during the relevant time period of December 7, 2011 through June 24, 2021 who were paid a shift differential and/or holiday premium pay during at least one workweek that they earned overtime wages during the Class Period. (Id.) The Court also certified claims derivative of those claiming that Target's method of calculating Regular Rate of Pay ("RROP") underpays employees. (Id.)

On July 12, 2021, Target filed a motion for judgment on the pleadings of Plaintiffs' RROP claim, or, in the alternative, to bifurcate trial as to liability on the RROP claim. (Dkt. No. 168.) The Court denied the motion for judgment on the pleadings on August 4, 2021. ("MJOP Order," Dkt. No. 173.)

On August 16, 2021, Target filed the Motion, which seeks leave to pursue interlocutory appeal of the MJOP Order. Plaintiffs opposed on August 23, 2021. ("Opposition," Dkt. No. 175.) On August 30, 2021, Target replied. ("Reply," Dkt. No. 176.)

## II.  LEGAL STANDARD

As a general rule, an appellate court should not review a district court ruling until after the entry of final judgment. See 28 U.S.C. § 1291; Hansen v. Schubert, 459 F.Supp.2d 973, 999 (E.D. Cal. 2006) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978), and In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983)). There are, however, situations in which "appellate review of a particular ruling will materially advance disposition of the claims before the trial court." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 966 (9th Cir. 1981). In such cases, "the appropriate procedure for the district court is to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b)." Id. Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,

he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

"An interlocutory appeal should be granted 'only in exceptional situations in which allowing [such an appeal] would avoid protracted and expensive litigation.' " Hansen, 459 F. Supp. 2d at 999-1000 (quoting In re Cement Antitrust Litig., 673 F.2d at 1026). "The party seeking certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances." Id. (citing Coopers & Lybrand, 437 U.S. at 474-75).

Under section 1292(b), a district court must make three findings before certification of an order for immediate appeal is appropriate: (1) that the order involves a controlling question of law about which (2) there is substantial ground for difference of opinion, and (3) that an immediate appeal will "advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see In re Cement Antitrust Litig., 673 F.2d at 1026. If the district court includes such findings in its order, the circuit court will then determine "whether the district court has properly found that the certification requirements of [§ 1292(b)] have been met," and whether it will, in its discretion, permit the appeal. Id. "Though there is no specified time limit for seeking certification, § 1292(b) provides for an immediate appeal, and a district judge should not grant an inexcusably dilatory request." Wallis v. Centennial Ins. Co., 2012 WL 1552766, at *1 (E.D. Cal. May 1, 2012) (internal quotation marks omitted).

### III. DISCUSSION

Target argues there are two legal issues dispositive of the classwide claims in this case:

(1) whether under Alvarado v. Dart Container Corporation, 4 Cal. 5th 542 (2018), an employer must use hours worked in a workweek, and not just non-overtime hours, in the divisor of all wages earned in that workweek to calculate the regular rate of pay ("RROP"); and

(2) whether California Labor Code section 510 requires overtime wages to be calculated as 1.5 times the RROP, even if the employee earns shift differentials and holiday premiums during the workweek, or whether the statute permits the employer to pay overtime wages as the combination of the straight-time wages (including shift differentials and holiday premiums) plus 0.5 times the RROP.

(Motion 1.) The Court considers each legal question separately to determine whether they are controlling questions of law about which there is substantial grounds for difference of opinion. In

determining whether a "substantial ground for difference of opinion" exists under section 1292(b), courts examine the extent to which "the controlling law is unclear." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

### A. Calculating RROP

Target argues that there is no controlling appellate authority that directly addresses whether the Alvarado RROP formula applies to shift differentials and holiday premiums as opposed to the flat-sum bonuses at issue in that case. (Motion 3.) Plaintiffs concede this, as they must. (Opposition 8.) Indeed, as Defendants identify, other courts within this District have found that the Alvarado RROP formula does not apply to forms of pay that increase with hours worked. See Evans v. Wal-Mart Stores, Inc., No. CV 17-07641-AB (KKX), 2020 WL 6253695, at *8-10 (C.D. Cal. Sept. 14, 2020); Mitchell v. Corelogic, Inc., No. SA CV 17-2274-DOC (DFMX), 2018 WL 6118444, at *10 (C.D. Cal. Aug. 7, 2018). The Court has previously applied Alvarado to the facts of this case, and whether Alvarado's RROP formula applies here is a controlling question of law.

This is a legally difficult issue. Alvarado holds that under Labor Code section 510, "the word 'regular' in the phrase 'regular rate of pay' refers to 'regular time' (i.e., nonovertime)." 4 Cal. 5th at 562. Section 510 is the precise statutory provision at issue in this case. However, as Target argues, Alvarado concerned flat-sum bonuses, which do not increase with the number of hours worked, unlike the holiday pay premiums in this case. Moreover, at least one post-Alvarado state appellate decision supports Target's position. See General Atomics v. Superior Ct., 64 Cal. App. 5th 987, 998 (2021).

Accordingly, the Court finds that the MJOP Order involves a controlling question of law about which there is substantial ground for difference of opinion. On the question of whether an appeal will "advance the ultimate termination of the litigation"—it seems there will be an appeal on the issue of whether the Alvarado RROP formula applies to shift differentials and holiday premiums (as opposed to exclusively flat-sum bonuses) no matter what. The Court finds that interlocutory appeal on this question at this juncture would be more efficient than a post-verdict appeal and thus will ultimately advance the interests of this litigation.

### B. Calculating Overtime

Target's second question is misframed. As Plaintiffs identify, though Target argues the legal question is "whether California Labor Code section 510 requires overtime wages to be calculated as 1.5 times the RROP, even if the employee earns shift differentials and holiday premiums during the workweek, or whether the statute permits the employer to pay overtime wages as the combination of the straight-time wages (including shift differentials and holiday premiums) plus 0.5 times the RROP," (Motion 1,) (emphasis added) Target is not actually calculating overtime wages using straight-time wages including shift differentials and holiday premiums. Plaintiffs argue that instead, Target is calculating overtimes wages as a combination of an employee's base hourly rate of pay plus 0.5 times their RROP. (Opposition 9.)

Plaintiffs are correct. Target's proposed question does not match the methodology described by the parties as undisputed facts in support of Target's motion for partial summary judgment. In the Court's January 5, 2021 Order on that motion, the Court summarized an undisputed fact as follows: "Ms. Bowen's total overtime pay for the workweek November 23-29, 2014 was calculated by adding [overtime] premium, $0.0976, to the base rate, (0.02 hours x 9.73/hour), for $0.2922 in overtime pay, which was rounded down to $0.29." (Dkt. No. 113 p. 5) (emphasis added). Plaintiff Bowen's base rate of pay of $9.73 per hour does not reflect any shift differentials or holiday premiums.

Target's method for calculating overtime involves creating a premium figure—reflecting overtime rates but also holiday and shift differential pay—and adding it to an employee's base rate pay. This sometimes results in an employee's overtime pay being less than 1.5 times their RROP. Whether California Labor Code section 510 requires overtime wages to be calculated as 1.5 times an employee's RROP—and not less—is not a legal question on which there is substantial ground for difference of opinion. See Alvarado, 4 Cal.5th at 553 ("an employee must receive a 50 percent premium on top of his or her regular rate of pay".)

There can be no dispute over what the law requires in calculating overtime wages: 1.5 times RROP, not less. 4 Cal.5th at 553. Using evidence from their wage statements, Plaintiffs credibly allege that Target's formula for calculating overtime results in overtime payments that are less than 1.5 times RROP. It requires neither calculus nor interlocutory appeal to determine whether this violates the law. The Court finds interlocutory appeal is not justified for Target's second proposed question.

**C. Stay**

In determining whether to issue a stay pending an interlocutory appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Target has not demonstrated it will be irreparably injured absent a stay. Its only argument on this point is that it will be forced to incur litigation expenses. (Motion 8.) But as Plaintiffs identify, every party seeking a stay pending appeal faces the possibility of incurring additional litigation expenses. See In re Kenny G. Enterprises, LLC, No. 8:14-CV-00246-ODW, 2014 WL 1806891, at *3 (C.D. Cal. May 7, 2014) ("Prolonged litigation and unnecessary expense also do not constitute irreparable injury. Those are necessary incidents every time a court faces a motion to stay pending an appeal, for if the stay movant ultimately appeals, she will always have incurred 'unnecessary' expense in prosecuting the action.").

On the other hand, Plaintiffs have demonstrated that they face further harm. The case has been pending for almost six years; trial is set to commence on February 22, 2022. This is a class action that has already been certified. Further delay runs the risk of confusing class members and making the opt-out process more challenging.

Finally, the public interest does not support a stay and Target has not demonstrated it is likely to succeed on the merits. While the Court concedes that there is a vacuum of appellate authority on the specific question certified, the reasoning of <u>Alvarado</u>—that California employment policy seeks to discourage excessive overtime and ensure minimum pay standards which must be obeyed—applies in this case just as handily.

### IV. CONCLUSION

Defendants' Motion is GRANTED-IN-PART and DENIED-IN-PART. The Court certifies the MJOP Order, Dkt. No. 173, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the issue of whether all hours worked in a workweek must be used in calculating RROP. Defendants' request for a stay is DENIED.

The September 20, 2021 hearing is VACATED.


**IT IS SO ORDERED.**